Campbell versus Florian and Mr. Rollins whenever you're ready. We'll hear from you May it please the court, this appeal comes before this court today on the district court's denial of my clients Chris Florian and David Tatarsky's motion for summary judgment on the grounds of qualified immunity. First I'd like to talk a little bit about the eighth amendment issue for a violation of cruel unusual punishment is deliberate indifference. More specifically in this case where we're talking about a couple of prison officials the standard is did the prison officials act or fail to act despite knowledge of a substantial or excessive risk of serious harm to an inmate. Now the magistrate's report and recommendation in this case concluded that there was certainly a risk that Florian and Tatarsky were aware that a court might disagree with their interpretation of the omnibus sentence reduction act but there was nothing in this case if if we just assume for purposes of argument that there could be an eighth amendment violation the only issue here is qualified immunity right? Yes your honor. So that's when when your clients were rendering their opinions what was the clearly established law as to this statute at that time? Isn't that the issue here regardless of whether or not the court was right on the eighth amendment issue? Yes your honor you're correct and out of a sense of completeness I would certainly wanted to address the eighth amendment issue but it does overall into the larger issue of qualified immunity and when you are talking about the issue of qualified immunity of course the issue for public officials is did they violate clearly established rights of which a reasonable person would have been aware and we know from the guides provided by cases like Saucier v. Katz that that analysis cannot be abroad it's certainly not as that it's a violation of constitutional law to keep an inmate in past his release date that's that's not the analysis the question is was the unlawfulness apparent in light of pre-existing law and there really was no pre-existing law here this is a case where both parties admit there was no controlling law on point because we're talking about a case of what it came right down to is what Florin and Tartarski were trying to do was determine legislative intent and that is also the analysis that the the South Carolina Court of Appeals addressed and it is also the analysis of the question that the South Carolina Administrative Law Court addressed and so everybody is talking about legislative intent as being the deciding factor. Would you agree I mean I'm trying to distinguish between two things and one being the process that your clients went through and the second is the conclusion that they reached. I understand the plaintiffs to be challenging the of like going to Westlaw instead they'd used one of those magic eight balls to make the decision about what the statute meant yes or no right shake the eight ball that that would be an eighth amendment violation and you you would agree whether it's clearly established or not we don't have to get to but using a magic eight ball to make the determination would be a deliberate indifference or reckless disregard for the rights of the inmates. Yes I would agree that the eight ball doesn't cut it. Right and and so and so the real question that we've got is did the process that they used in light of the statute that we have is it a reasonably good effort at reaching the right answer. That's the eighth amendment sort of question and it's not just were they negligent in applying that they have to be sort of deliberate and different to something right the text of the statute but instead we'll look at some overarching purpose we might find that that was deliberately indifferent or reckless. Yes your honor I would agree and so what we have here is almost a case where their their cause of action is an eighth amendment violation but they could even insist on a why you agreed with those hypotheticals you could probably insist on a even a more difficult formulation because the Supreme Court it says the deliberate indifference is subjective notion that has a criminal mens rea. The Supreme Court used criminal mens rea and and it has to be there has to be evidence that these two lawyers were subjectively had an intent to deprive these prisoners or recklessly disregarding the standards recklessly disregarding risk must have a criminal law mens rea. That's the Supreme Court's farmer case and it seems to me that they have to point or you have to point or somebody has to point to something in the record to show that was their state of mind when they were going about trying to interpret this statute and if they were just negligent they didn't violate the statute but more importantly they were they're immune. Your honor I would certainly agree and this memo that they did was not a singular interpretation of this one statute it was interpretation of many provisions that went on pages and pages there's no suggestion that there was some criminal intent behind the way they phrased it. So using the eight ball hypothetical there there may be that criminal mens rea that's so derelict of their duty that involving the length of prison terms you might be able to derive that but the question is what is the evidence in this record about their mental state? You're right and I would suggest that there there is none there's none to suggest that as you noted what they were confronted with was a mammoth piece of legislation I believe the bill was ninety eighty nine ninety pages in length that affected literally dozens if not hundreds of existing. How long was their memo? I think it's in the joint appendix. Well it is in there I just don't remember. I can't remember either off the top of my head but they of course did a memo and they did a presentation for employees who were in charge of calculating sentencing and of course even if they tried to show if the standard was lesser if it was merely a negligent standard. It's not a negligent standard and that's not the right hypothetical in other words the state court has said they were plainly wrong and maybe they were negligent but that's a far cry from delivered indifference which requires a criminal mens rea. Yes and when you you get back to the state court that said they were right and all of those decisions came years after the fact of when they were putting together their work product. That brings me back to what was clearly established at that time. I'm not seeing much of anything. If there were controlling authority on point I submit that either myself my side or my able opponents would have found it and brought it forward that they were operating in an untried territory and more than that we see a the district judge sort of dismisses the judgment of the administrative law court. My clients did their work in 2010. As you noted the court of appeals decision comes out in 2015 and in between you've got the decision of the administrative law court in 2014 that if anything tells Florian and Tatarsky hey it appears you've got it right. We've analyzed the same issue and we agree and so we have the district judge withholding qualified immunity on the basis of the language in the administrative excuse me the court of appeals decision which calls their determination to be unreasonable and patently erroneous and I would submit to you that any guidance that decision could have furnished to was certainly not visible in 2010 because it didn't occur until 2015 and so I would submit there is no authority which determined their determination to be unreasonable. Even if it was unreasonable it was wrong. Their reasoning was backwards. They didn't understand the principles to be applied. That's a far cry from a mental state where they had some aspect of I would absolutely agree that there are arguments about you could have filed a declaratory judgment action or you could have asked the attorney general what he thought about the statute or you could have asked your boss that runs SCDC what he thought and what you're you're being employed to make this judgment and we're saying you should go to your boss and ask him what he thinks that he should analyze it. It's just not there's nothing out there and their own expert admits there's nothing. You can add that on to the negligence too but that doesn't get you over the big hump. Their failure to get further advice was based on to cover up or some intent to hurt the prisoners. The introduction to the statute sort of mitigates all the notions of bad intent. I'm looking at page 220 the introduction to the memo and they say this is not exhaustive. This is just an explanation and some of the things are straightforward and it's basically designed to help. You're right and I would submit to you that this is a panel and if after hearing the arguments today two members of this panel should decide one way and the third member decides a different way then the panel is not saying we're not saying the odd man out. It is incompetent or unreasonable. We're saying there's a difference of opinion on the analysis of a legal issue and it's the same thing with regards to if this court overrules the district judge's order here on summary judgment. You're not telling the district judge that you're incompetent. You're saying a higher court has reviewed this issue and come to a different conclusion and by inherent virtue of our power as a superior court our judgment takes precedence over yours and replaces yours and that is the situation that makes it so difficult to understand why the district judge would disregard the opinion of the administrative law court which considered the same issues that the court of appeals did and found that in their judgment Florian Tartarski had accurately defined legislative intent. Either the master judge used the correct analysis in his report and we understand that the district judge is not bound by report recommendation but either the master used the correct analysis or he did and the district judge did not use the same analysis in her conclusions either on the eighth amendment issue or the qualified community issue. Any further? No. Alright Mr. Rawlings. Thank you your honors and may it please the court. Chris Kenny on behalf of Marion Campbell. Where I'd like to begin is with Judge Agee's question about what was clearly established and then move to Judge Niemeyer and Judge Richardson's questions about the mental state, the sufficiency of the evidence and the process because I do think those are basically the three relevant questions. Judge Agee what was clearly established in 2010 in this circuit and across the country is that it defends the Constitution to prolong the detention of an inmate beyond their lawful term. That's far too general. That's like saying if I use excessive force when I arrest I'm violating the Constitution. That doesn't answer a thing. Well your honor I do think it does. Everybody knows you can't sit there and simply extend this person's, the warden couldn't say okay Johnny you're staying in for an extra ten days because you didn't eat your dinner yesterday. I mean that violates the Constitution. The question here is whether these guys in giving an opinion were, had a criminal mens rea in trying to deny the prisoners their terms of imprisonment. And that's a, you haven't addressed at all I don't think in the record the intent issue. The mental state that has to be applicable and it seems to me we have to start somewhere and Eighth Amendment is a good place to start. Another would be is whether it was clearly established. But when you talk about clearly established you have to do much more particularized. You have to focus it on these people's conduct. If they're sitting there at a desk reading a brand new statute that has never been interpreted and they're trying to figure out what it says and they blow it. They do their best but they blow it. And all of a sudden you're going to say they're sentences were extended because they blew it. Yes your honor. Let me just push back a little bit. We also can prevail based on a recklessness standard but I do want to come back to the mens rea. Recklessness includes that. The Supreme Court explained that. Deliberate indifference includes recklessness but it requires a criminal mens rea. It has to be a subjective intent. You can't have an objective standard and just look at what other people would do. You have to understand that these people functioned with a mens rea. Yes your honor. So let's deal with what the evidence shows about what happened in this case. But before you go to that and I want to hear about that. Judge Agee's point. You respond by saying it's clearly established you can't prolong detention. But that's wholly inadequate. And when I read your brief that seems to be the argument you're making. But that's an insufficient level of detail. Right. That's the broad brushstroke. Right. You can't violate someone's Fourth Amendment rights. All right. That's clearly established. But you've got to show exactly something that's at least analogous if not directly on point. And I don't see any case law in the Fourth Circuit that suggests that what the lawyers did here violates that Eighth Amendment standard. Yes your honor. So let me deal with it this way. First of all I disagree with our friends on the other side that you would have to have a declaration as to this particular statute before these defendants under a certain set of facts. Tell us what the best evidence you have of something clearly established in 2010 is that relates to this statute or type of statute. Because like Judge Richardson I haven't seen that. Well your honor we agree that the statute was enacted in 2010. It was a new statute. I don't think there's we can't you know we don't stand on that proposition. What I would stand on is you can look at cases like Haygood or Sample or any number of cases that the particulars of the facts on the ground may differ. But the proposition and they're arguable cases that you could easily argue negligence or deliberate indifference in those cases. But when there's a failure to act by a prison official who is clearly on notice that risks prolonged detention. That is potentially an Eighth Amendment violation. No but what you've got to show is you're missing the point at least for here. Right. I understand your argument. It doesn't have to be this statute. But if you had a case that said it is a violation of the Eighth Amendment for a lawyer applying a statute any statute to rely on the text and ignore some amorphous purpose. Right. That scenario if you had a case that said that then it would be clearly established. I mean that's what happened here right. The guys rely on the text they ignore undefined purpose. The district court says you should have ignored the text and relied only on the purpose. But you don't have any case that suggests that the officer's reliance on the actual text of the statute is unreasonable and is a violation of the Eighth Amendment. Well Judge Richardson let me resist the premise a little bit because we don't agree that they. I understand. We believe they ignored the test. But to accept your hypothetical. Let me just say at least start with that for now. Yes sir. Assume you've got to get past that point. Yes sir. What we would say is respectfully that the right here as our friends would frame it and as some of the panel's questions are framing it is too narrowly drawn. And the reason there can never be an endless series of precedent. Well be as specific as you can as to what you say the right is in this case. Hopefully we can all agree that if you say the right is a violation of the Eighth Amendment you might as well sit down. So tell us as specifically as possible exactly what you say the right is here. Yes Your Honor. The right here is that prison officials cannot ignore plain instruction as to when inmates be released. What the fundamental problem to bring back to Judge Richardson. Well I thought this case was against the lawyers. Yes Your Honor. And they were lawyers for the Department of Corrections. And the fundamental problem with what they did here. I mean what you just said is nothing more what you said in the beginning. Keeping somebody beyond his term violates the Eighth Amendment. And that is not an issue anywhere. There is no specificity. So you have to make it factually relevant to the case here in some sense. So you have to focus on the conduct of the inmates and say what did they do in light of what law that made it clear that what they were doing was a violation of the Eighth Amendment. Judge Niemeyer let me give you a couple of specific examples of this case. The first example I would say is these lawyers read a statute that says parole to mean no parole. That is the first problem. The second problem Judge Niemeyer if you go back. Did they did that deliberately or did they did that as a matter of their take on what should be construed. Your Honor the way I read the record is they were reckless in doing it. And let me tell you why. If you look at page 220 of the Joint Appendix it's a six page memo. I've got it here. I've read the whole memo. And what it indicates is that there was clear apprehension as to what the consequence of this parole no parole distinction is. Now with this clear apprehension the question then becomes should they have done something beyond that. We submit they should have. What did they do. They did nothing. The record indicates the totality of Mr. Florian's analysis is the memo that your honors have. A PowerPoint presentation that you can find at page 89 and the act itself. That is the totality of the analysis. Which lawyers for government agencies do by the hundreds every day. But what makes this difference. What is the factor you say that clearly shows they acted with the wrong purpose here. Judge Agee it is the fact the simple fact that parole does not mean no parole in the South Carolina Criminal Code. And there are very severe consequences I don't believe are disputed for that distinction. And so what happened here is you had a lawyer who in face with the statute that says parole then interpreted and instructed department officials to apply it as a no parole statute. If you go back and look at Act 273 it's not like the General Assembly was hiding the ball here. Can I ask a question then. So based on your theory if hypothetically I disagree with that premise right. So instead of saying parole means no parole. Instead I believe in a hypothetical that they got the text of the statute exactly right. And the state court of appeals got it wrong in the hypothetical that I've got. We're on a federal standard here. If that's true do you agree that you do not prevail that you lose. Your Honor if you believe that you can decide Boleyn differently then that. No I'm not going to decide it differently. I'm just saying as a matter of federal law right. When I'm evaluating the mental state right. I believe I'm just trying to what I'm trying to distinguish here is procedure and substance. Yes sir. Right. So what I'm trying to say is let's assume that they perceive they substantively got it right. So that and Boleyn got it wrong but they substantively got it right. Are you making a separate argument about procedure or is that if that conclusion holds. I'm not saying it is a hypothetical right. That's the point. If that conclusion holds then you agree that they're entitled to qualified immunity. If Florian and Tatarsky were substantively correct about how to read the act. Yes. I don't believe we can prevail. The problem is and you're right about procedure and I want to talk about procedure. We could lose this case at trial very easily if the jury buys into the idea that there's some testimony about this. That oh we did a lot of work. We debated this. We rigorously analyzed it. There is also evidence in the district court credited that evidence. That essentially they had apprehension as evidenced by their own memo. Based on the case file they produced in discovery there is little work other than the memo itself. And you have to get around Boleyn and the court of appeals finding that their conclusion was unreasonable and it ignored section 1 of the act. Why do you have to get around that? That was years later. You still haven't told us anything that was clearly established in 2010. Yes your honor. What if you didn't have Boleyn? What if you didn't have those cases? Yes. You're just coming to court and saying arguing these prisoners. They misread the statute. And you demonstrate to us now they misread the statute. And these prisoners therefore had a longer stay in prison. Yes. Yes your honor. Qualified immunity? No your honor. I don't believe so. And here's why. I agree with you. We would end up litigating that question in front of the district court. No no no. Just on the argument. In other words there are no state court decisions. Yes. We have their opinion letter. Yes. And you're coming up here and prisoners have been released later than they otherwise should have. And you said man they got it wrong. They violated his 8th amendment rights because they got it so wrong. And you argue to us that they misconstrued it. What are we supposed to do with that? Well your honor I believe it depends on the sufficiency of the record to support a deliberate indifference finding. No this record. The only thing I'm eliminating are the court opinions. Yes sir. On this record I believe you cannot find that when the general assembly said that these are now parolable offenses we should go ahead and instruct the calculation team at the department of corrections to release these people. So you think they were deliberately indifferent? I believe that yes. There was a criminal mens rea. I believe it was a recklessness. Yes sir I do. Well you know there's civil recklessness and criminal recklessness. And we've defined that. Our court has defined that to be the difference between a subjective standard and an objective. In the civil it's objective. But in the criminal there's got to be a subjective state of mind. Well Judge Niemeyer let me say to their credit Florian Tatarski testified that they were aware this was a significant reform. They were aware the general assembly was trying to alter a sentencing. They were aware that this was going to have a huge impact on hundreds of inmates. And based on what they concede it's not like we're inferring their subjective state based on pieces of evidence. Based on what they testified to. What they're aware of. You know a jury and the district court believes there's sufficient evidence here to find that they were reckless. That they acted. So all these lawyers in the state various state agencies. Department of Justice and the state agencies are giving opinions on a regular daily basis. And they really blow one. They're doing their best but they really blow one. They're now going to be answering out of their personal pocketbook for the injuries they caused to the public. Not necessarily. And again let me reiterate. And you can look at all the cases that we cite in our brief. There are plenty of examples. But you haven't cited a single case where an attorney gives an opinion. That gives rise to deliberate indifference. Yes your honor. That's correct. To be candid I'm not aware of one. And isn't that the whole test? In other words to bring the 8th amendment down to this case you have to conclude that their conduct in giving this opinion was clearly established violation. If they were really wrong. Clearly established violation of the 8th amendment. Yes your honor. And to make that determination. I don't believe their status as lawyers matters. Well that's their function. They're performing a legal opinion. Absolutely. But your honor we can easily have a case and there's examples of the correction. The calculation staff or sheriff. We're not talking about administrative. We're talking about an opinion. In other words we're talking about lawyers making judgment calls about a text and giving opinions. There's a lot of difference between that and somebody not paying attention to administratively. In other words the order says he's supposed to be released on the 15th. And the warden says well the 30th is good enough for me. Your honor I don't see a lot of deliberation or analysis going on in this record. What I see based on their memo based on their PowerPoint is a conclusion. But no explanation how we get there. Okay let's say they're negligent. These guys may not be high powered lawyers. I don't know one way or the other. But they gave a memo on many provisions of the statute. And they explained up front that they were just doing this basically as a guidance and they were not addressing everything. And then they go page by page on each of them. And the stuff that you're concerned about is on one of the six pages. And they give their opinion there. And you basically say they were indifferent to the Eighth Amendment with a malicious intent. A deliberate indifference. Well recklessness your honor. I read the record. Criminal recklessness. You've got to come to grips with that. And you're not. Farmer made this absolutely clear. Your honor I don't. I read the record as no meaningful effort to determine when these individuals should be released. That's how I read the record. And respectfully what I would say. But then we go back to it. I just want to make sure I understand your argument. Yes sir. The only argument you're making with respect to it being clearly established is what you make on page 22. Which is the citation to an unpublished Fourth Circuit case and a district court case from South Carolina. And that's the only thing from the Fourth Circuit that you're relying on. And then you rely on these out of circuit cases to suggest that their general principles ought to be read into South Carolina as clearly established. That's the extent of the clearly established argument that you're making. You are not making anything beyond that. Your honor we believe that authority establishes the right. Yes that's correct. And let me just say. Established in the past. It had to be established when they were functioning. You're judging me. You're correct. And let me just say this as I read this court's precedent. You know the question is should it have been apparent to reasonable prison officials that they were required to do something more. That's the wrong standard. That's the wrong standard. It has to be subjectively. It's not a reasonable objective standard. That's my whole point. And that's where I think your whole brief and where your argument goes. You have to show intent in these specific persons. Judging. I was referring and if I was unclear as a reasonable person which is that's the purpose of the qualified and qualified immunity statute. But if I have a violation of the Eighth Amendment it's even more difficult. Yes sir. All I was trying to point out is that under the qualified immune the purpose of qualified is to be reasonable and allowing reasonable state actors to perform their work. And the question here and what I respectfully submit. The question here is whether this record would allow a jury to conclude it is something more than negligence. We understand that there is a tough road in the district court and that these arguments will be raised with the jury. The jury will have to decide whether or not the activity or lack of activity in our view was sufficient. Was something short of recklessness. We understand that. It is a high burden. We acknowledge it. But respectfully what our friends on the other side and many of the questions this morning deal with is quarreling with the district court's view of the facts. And under this court's precedent that is not. Basically the district court said look at the South Carolina Court of Appeals decision. They said these guys were unreasonable. I don't have to address anything. I don't see whether the district court ever addressed what the clearly established law was. But before your time runs out let's go back one more time. Tell us with specificity what you say the right is that's relevant in this case. Your Honor, the right is to be released based on the instruction of the General Assembly based on a clear statute that requires no construction. And that's what Act 273 was. And give us the best case in or out of circuit that suggests that that right was clearly established. That right with respect to a statute mandating release. If I could give you two briefly. I'd encourage you to look at Haygood. For this reason there is a dispute about state law that gives rise to the failure to release. There was still a jury question in that case. And then with respect to sample you had a situation where frankly there was a mistake about how to apply a statute. Those were both application of state law. We think you can rely on any of those cases or any of the other district court cases that we cited. There's nothing further. Thank you. We have Mr. Rollins. Yes, Your Honor. I'd ask that some time be reserved for a rebuttal argument. One of the things that's been coming on council is when it's time for the horse. And I'm confident that the panel has grasped our issues. Tell me what Haygood stands for. Well, the part of Haygood that I'm familiar with says in the context of prison officials there's got to be knowledge of a serious substantial or excessive risk of harm to an inmate. And then you fail to act. And so it brings us right back to the same question. See, they're not releasing the inmates. They're not even applying the statute. They are interpreting the statute. And Haygood basically just addressed the notion that extending somebody's time in prison violates the Eighth Amendment. It's a cruel and unusual punishment. And the question is were these guys deliberately indifferent to that in the sense that they subjectively understood the law as a reasonable person, clearly understood the law at the time with respect to this particular statute and that they violated it. And the record doesn't show that. And so what we're left with is confronting the plaintiff's argument, which you hear an attempt to rephrase it again and again in a palatable format, but they're not really finding it because what they're saying is, okay, you guys admitted you knew that this statute or this Omnibus Reform Act was significant and that it was going to potentially affect a lot of inmates. And you knew that if you got it wrong, that the consequences could be significant for an aide if a parolable offense is held to be non-parolable. And so, aha, we got you. So you knew all that. You knew it was important and you didn't do enough. Well, the question is not, the question is, the concept is knowing that you are doing something that's important and has consequences is not remotely the same thing as knowing that you're doing it wrong or even suspecting that you're doing it wrong. And there's just nothing in the record that shows at the time they did their analysis and made their determinations of what that act was supposed to mean that should have put them on notice that they were doing it wrong. Basically, the immunity requires a showing that they violated clearly established law. Yes. That was known to them and will be known to anybody and they violated it, ignored it. Yes, Your Honor. What, you know, what the South Carolina Court of Appeals did was to overrule the judgment of a lower court and a couple of practicing attorneys. It didn't transform what they did, what Foreman and Tartarski did, into a violation of constitutional law. Thank you. We'll adjourn court until tomorrow morning and come down and re-counsel.
judges: Paul V. Niemeyer, G. Steven Agee, Julius N. Richardson